J. S59035/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                 :          PENNSYLVANIA
           Appellee    :
                 :
         v.             :
                 :
JOSEPH L. OLLIE,          :
                 :
           Appellant    :    No. 710 WDA 2015

Appeal from the PCRA Order April 17, 2015
In the Court of Common Pleas of Erie County
Criminal Division No(s).: CP-25-CR-0000505-2012

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED OCTOBER 21, 2015**

*Pro se* Appellant, Joseph L. Ollie, appeals from the order entered in the Erie County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition as untimely. We affirm.

In 2012, a jury found Appellant guilty of burglary, theft by unlawful taking, and receiving stolen property,[2] and the trial court imposed a sentence of eighteen months to ten years' imprisonment. This Court

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3502(a), 3921(a), 3925(a).

affirmed the judgment of sentence on direct appeal on November 18, 2013.[3] Appellant did not seek allowance of appeal with our Supreme Court.

Appellant filed the instant PCRA petition, *pro se*, on January 15, 2015.[4] Although on the preprinted form he checked the boxes invoking all three PCRA's timeliness exceptions at 42 Pa.C.S. § 9545(b)(1), neither the petition nor supplemental motion addressed the exceptions. The PCRA court appointed counsel to represent Appellant. Counsel, however, filed a *Turner*/*Finley*[5] "no-merit letter" and petition to withdraw from representation, averring the PCRA petition was untimely. On March 25, 2015, the court allowed counsel to withdraw and issued Pa.R.Crim.P. 907(a) notice of its intent to dismiss the petition without a hearing.[6] Appellant filed a *pro se* response to the notice, but the court dismissed his petition on April

---

[3] *Commonwealth v. Ollie*, 1446 WDA 2012 (unpublished mem.) (Pa. Super. Nov. 18, 2013).

[4] Both the "filed" time-stamp on the face of the petition and the corresponding docket entry indicate a filing date of January 20, 2015. However, pursuant to the "prisoner mailbox rule," we deem the petition filed as of January 15th, the date of the postage on Appellant's envelope delivering the petition. *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1274 (Pa. Super. 2013).

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] While the trial docket includes an entry for the filing of the court's Rule 907 notice, there is no original notice in the certified record. A copy of the notice, however, was attached to a letter filed in the record. *See* Office of Clerk of Courts Ltr., 4/27/15.

17th.  Appellant then took this timely appeal.[7]

Appellant's statement of questions presented raises the following claims: (1) the Commonwealth's alleged failure "to appear at initial preliminary hearing . . . constituted fundamental violation of [his] right to due process that should ha[ve] warranted a dismissal of the criminal complaint;" (2) the denial of his constitutional right to impeach an adverse witness with her own inconsistent statements; and (3) the denial of his right to meet the witnesses against him.  Appellant's Brief at vi.  With respect to the timeliness of his PCRA petition, Appellant avers "his failure to raise the claim previously was due to the result of the interference by the police and prosecutor" and "that his petition was based on newly-discovered facts that were 'unknown to him and . . . could not have been ascertained by the exercise of due diligen[ce].'"  **Id.** at 21, 22.  His sole argument in support is: "[T]he facts predicating his **Brady/Gigilio** [sic] claims are that the witness for the prosecutor[,] Ms. Roxanne M. Roberts[,] had the knowledge, understanding, and expectation that she would be given a deal and leniency for testifying falsely based on these promises the prosecutor submitted that the facts were never submitted to the police [sic]."  **Id.** at 22.  We find no

---

[7] The PCRA directed Appellant to file a Pa.R.A.P. 1925(b) statement. Although the trial docket includes an entry that Appellant filed such a statement on May 1, 2015, there is no such statement in the certified record.  Nevertheless, we dispose of this appeal by agreeing with the PCRA court that it lacked jurisdiction to hear Appellant's untimely PCRA petition, and thus review of Appellant's Rule 1925(b) statement is not necessary.

relief is due.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error." *Feliciano*, 69 A.3d at 1274 (citation omitted). "[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). A PCRA petition must generally be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). The exceptions at Subsection 9545(b)(1)(ii) and (iii) allow a petition after the usual one-year period when: (1) "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence" and "the right asserted is a constitutional right that was recognized by the" United States Supreme Court or Pennsylvania Supreme Court "and held been held . . . to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(ii), (iii). A petitioner is "required to plead the cognizability of his petition in the petition itself," and cannot raise one of the enumerated exceptions to the time bar for the first time in an appellate brief. *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005).

As stated above, this Court affirmed Appellant's judgment of sentence on direct appeal on November 18, 2013. He had thirty days, or until

December 18, 2013, to seek allowance of appeal with the Supreme Court. *See* Pa.R.A.P. 1113(a). Appellant did not, and thus we agree with the PCRA court that this judgment of sentence became final on December 18, 2013. *See* 42 Pa.C.S. § 9545(b)(3); Not. of Intent to Dismiss Without a Hearing Pursuant to Pa.R.Crim.P. 907, 3/25/15, at 3. Appellant then had one year, or until December 18, 2014, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). The instant *pro se* petition was filed approximately one month thereafter, on January 15, 2015. As stated above, while Appellant checked the boxes invoking all three PCRA timeliness exceptions, neither the petition nor his supporting motion make any further mention of the exceptions. Because he failed to address how his claims are excused from the general one-year time bar, we agree with the PCRA court that the petition was untimely and the court was without jurisdiction to hear his claims. *See Seskey*, 86 A.3d at 241; *Feliciano*, 69 A.3d at 1274. We further find Appellant's arguments on appeal with respect to the timeliness exception are waived for failure to preserve them before the PCRA court. *See Wharton*, 886 A.2d at 1126. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 10/21/2015